# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| LELAND NAPOLEAN JONES, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CV412-013<br>) |
| SAVANNAH CHATHAM METROPOLITAN POLICE DEPT., ET AL., | )<br>)<br>)<br>) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Indicted in May 2011 on robbery and other charges, *see* attached state court docket, Leland Napoleon Jones, as others like him have recently done, invokes 42 U.S.C. § 1983 in an attempt to jam-up a state prosecution against him.[1] *See, e.g., Walker v. Officers*, CV411-303, doc.

---

[1] Since he has completed his in forma pauperis paperwork, docs. 6 & 7, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to sua sponte dismiss a claim of a plaintiff proceeding in forma pauperis for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

13 (S.D. Ga. Feb. 15, 2012) (advising dismissal of a similar "jam-up" case); *Brown v. Eastern Judicial Circuit*, CV411-273, doc. 7 (S.D. Ga. Feb. 9, 2012) (same);[2] *see also Kirkland v. St. Lawrence*, CV412-007, doc. 5 (S.D. Ga. Feb. 13, 2012) (advising dismissal of 28 U.S.C. § 2241 petition as premature and obviously aimed at jamming up an ongoing state prosecution); *Youmans v. St. Lawrence*, CV412-027, doc. 4 (S.D. Ga. Feb. 13, 2012) (same); *Broadus v. St. Lawrence*, CV412-035, doc. 5 (S.D. Ga. Feb. 13, 2012) (same); *Jenkins v. St. Lawrence*, CV412-031, doc. 6 (S.D. Ga. Feb. 13, 2012) (same); *Walker v. St. Lawrence*, doc. 5 CV412-023 (S.D. Ga. Feb. 13, 2012) (same).

---

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 2011 WL 4436591 at * 1 n. 1 (11th Cir. Sep. 26, 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, 129 S. Ct. at 1949 (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (pro se pleadings are still construed liberally after *Iqbal*).

[2] Based on the uniform handwriting, the Court suspects that a single individual in the Chatham County jail is behind many if not all of these cases. All of them have been legally frivolous. And each has fetched for the filer a 28 U.S.C. § 1915(g) strike. After three strikes, the filer "will no longer be able to proceed in forma pauperis in any civil action filed in a federal court unless he is in imminent danger of physical injury." *Thompson v. Gibson*, 289 F.3d 1218, 1223 (10th Cir. 2002) (citing § 1915(g)). Plus for each case filed, the plaintiff is saddled with an obligation to pay the entire $350 filing fee, to be collected from his jail account, for as long as it takes. 28 U.S.C. § 1915(b)(1). That this makes no sense (file a frivolous case, promptly lose, then incur a strike and a $350 debt) apparently is lost on the progenitor of these lawsuits.

Jones seeks no money damages but instead a declaratory judgment and an order enjoining that prosecution. Doc. 1 at 1-11. He obviously trolled the U.S. Code in a lame effort to bolster his case by citing every last civil rights statute he could find. *Id.* at 2 (listing things like the *criminal* civil rights statutes[3] and 42 U.S.C. §§ 1981, 1985, 1986 etc.). For good measure, he named as defendants the local police department[4] plus the "District Attorney's Office and Public Defender's Office for Chatham County City [sic] and Judicial Circuit in the State of Georgia." Doc. 1 at 3.

Jones wants to enjoin what he deems to be an error-ridden prosecution. Doc. 1 at 3-5 (listing various statutory and constitutional

---

[3] The criminal civil right statutes simply do not support a private right of action. *See, e.g., Kelly v. Rockefeller*, 69 F. App'x 414, 415-16 (10th Cir. 2003) (no private right of action under §§ 241 or 245); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private right of action under §§ 241 and 242); *Willing v. Lake Orion Cmty. Sch. Bd. of Trs.*, 924 F. Supp. 815, 818 (E.D. Mich. 1996) (§ 241 does not give rise to a private cause of action).

[4] As this Court has explained:

> Police departments are not usually considered legal entities subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); *see also McKinnie v. Boseman*, 2009 WL 3753989 at * 2 (S.D.Ga. Nov. 9, 2009); *Griffin v. Hillsborough County Sheriff's Dep't*, 2009 WL 4547054 at *2 (M.D.Fla. Nov. 30, 2009) (same result under Florida law).

*Johnson v. Savannah Chatham Metro. Police Dep't*, 2010 WL 4790911 at * 2 (S.D. Ga. Oct. 19, 2010) (footnote omitted).

errors he alleges have thus far been committed against him in the state criminal proceedings). But such injunctions are available only where extraordinary circumstances are shown. *Younger v. Harris*, 401 U.S. 37, 41 (1971) (an ongoing state criminal proceeding may not be enjoined "except under special circumstances."); *see also Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010).[5]

Jones has not come close to offering any *proof* of bad faith or harassment. All he has done is here is cite a conspiracy remedy and then laundry-list his perceived procedural flaws in the prosecution against him. *See, e.g.*, doc. 1 at 4 ¶ 6 (he "did not have the opportunity to confront the said victim" regarding the charges against him); *id.* at 7-8 ¶ 12. He will have every opportunity to hash such perceived flaws out in the state criminal proceedings -- in the process the state is now affording to him.

Even if Jones somehow surmounted *Younger* abstention, his claims are deficient. His allegation of conspiracy is utterly unsupported. He

---

[5] "Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir. 1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (the bad faith or harassment exception to *Younger* "may not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass").

has not offered *any* facts showing any sort of agreement between anyone to deny him his civil rights. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) ("The mere use of the words 'conspiracy' and 'aiding and abetting' without any more explanation of the grounds of the plaintiffs' entitlement to relief is insufficient.").

Finally, to the extent Jones seeks release from custody, he is in substance bringing a 28 U.S.C. § 2241 habeas action, not a § 1983 claim. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). He ultimately seeks to challenge the fact or duration of his confinement by the state, so he "must seek federal habeas corpus relief (or appropriate state relief) instead" of a § 1983 judgment. *Wilkinson*, 544 U.S. at 78. To do that he must first exhaust his state

court remedies.[6] Hence, his request for release is non-cognizable under § 1983. And, as noted, his 28 U.S.C. § 2241 habeas petition must be dismissed for lack of exhaustion. Put another way, Jones must return to the state court where he belongs.

At this stage the Court ordinarily considers whether to *sua sponte* grant plaintiffs like Jones a second chance to plead their case. *Langlois v. Traveler's Ins. Co.*, 401 F. App'x. 425, 426-427 (11th Cir. 2010). However, it is apparent that a second chance would be futile here. For that matter, Jones has now suffered a § 1915(g) strike. Accordingly, Leland Napoleon Jones' case should be **DISMISSED**. *Hale v. King*, 2012 WL 84820 at * 3 (M.D. Fla. Jan. 12, 2012) (same result in similar

---

[6] Jones does not plead, nor can he credibly claim, that judicial review is not available to him in the Georgia courts:

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [Jones' claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c); *see also Harvey v. Corbin*, 2011 WL 4369828 at * 2 (S.D. Ga. Aug. 12, 2011) (collecting pre-conviction, state remedy cases).

prosecution jam-up case). The Court also **DENIES** his motion for appointment of counsel.[7] Doc. 5.

In the meantime, it is time for Jones to pay his filing fee. His furnished account information shows that he has had funds in his prison account during the past six months. Doc. 7 ($21.00 average monthly balance for the last six months). He therefore owes an initial partial filing fee of $4.02. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall deduct $4.02 from his account and, when combined with future collections to reach $10.00, remit it to the Clerk of Court (payable to the "Clerk of Court"). The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian (G. Sheppard, doc. 7) immediately, as this payment

---

[7] "A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). This Court appoints counsel only in exceptional circumstances "such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). Jones has shown nothing like that here.

directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED** this __23rd__ day of February, 2012.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

### CHATHAM COUNTY, GA
### Eastern Judicial Circuit of Georgia

Home | Magistrate Court | Probate Court | State Court | Superior Court | Juvenile Court | Court Forms | Court Fees

February 14, 2012     Location: Case Details				Input your search...

- CASE LOOKUP
- COURT FORMS
- COURT FEES
- MAP & DIRECTIONS
- JURY SERVICES
- SITE SEARCH

## Case Details

### State vs. JONES, LELAND NAPOLEON

- Case Events
- Charges
- Parties
- Proceedings

**Case Information**

| | |
|---|---|
| Court: | Superior |
| Case Number: | CR111015 |
| Case Type: | ROBBERY |
| Judge: | HONORABLE LOUISA ABBOT |
| Assistant District Attorney: | CHRISTINE SIEGER BARKER |
| Date Filed: | 5/4/2011 |
| Status: | ACTIVE - |
| Next Event: | 3/8/2012 MOTION HEARING (MTH) |

**Defendant Information**

| | |
|---|---|
| Name: | JONES, LELAND NAPOLEON |
| DIN: | X0083192 |
| Gender: | MALE |
| Race: | AFRICAN AMERICAN |
| Height: | 70 |
| Weight: | 180 |
| Eyes: | BROWN |
| Hair: | BLACK |


Chatham County Sheriff X0083192

Click for large Picture

Defendant History

**Attorney Information**
JUNE FOGLE
540 EAST OGLETHORPE AVE
SAVANNAH, GA
31401

**Bondsman Information**
N/A

### Case Events

| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 3/8/2012 | 1:30PM | MOTION HEARING (MTH) | LOUISA ABBOT | |
| 2/22/2012 | 1:30PM | MOTION HEARING (MTH) | LOUISA ABBOT | RESCHEDULE EVENT |
| 12/8/2011 | 1:30PM | TRIAL DOCKET CALL | LOUISA ABBOT | RESCHEDULE EVENT |
| 12/8/2011 | 2:00PM | TRIAL DOCKET CALL | LOUISA ABBOT | |
| 10/4/2011 | 10:00AM | STATUS CONFERENCE HEARING | LOUISA ABBOT | |
| 8/23/2011 | 10:00AM | STATUS CONFERENCE HEARING | LOUISA ABBOT | RESCHEDULE EVENT |
| 7/11/2011 | 09:30AM | ARRAIGNMENT/VIDEO | LOUISA ABBOT | EVENT COMPLETE |

[Return to Top]

### Charges

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-7-1 | BURGLARY | 1 | FELONY | 2/12/2011 10:12:07 AM | |
| **Sentencing Details:** | **Description** | | **Fine** | **Duration** | |
| | INMATE TO BE ENTERED INTO 28 DAY PROGRAM AT CCJ | | NaN | -OTHER | |
| 16-8-40 | ROBBERY | 1 | FELONY | 2/12/2011 10:12:28 AM | |
| 16-5-41 | FALSE IMPRISONMENT | 1 | FELONY | 5/4/2011 | |
| 16-8-2 | THEFT BY TAKING | 1 | FELONY | 5/4/2011 | |

[Return to Top]

**Proceedings**

| Date | Time | Event | Status | Judge | Notes |
|---|---|---|---|---|---|
| 3/8/2012 | 1:30PM | MOTION HEARING (MTH) | | LOUISA ABBOT | |
| 2/22/2012 | 1:30PM | MOTION HEARING (MTH) | RESCHEDULE EVENT | LOUISA ABBOT | |
| 1/26/2012 | | ORDER | | | SIGNED ORDER ON DEF PRO SE MTN OF DELCARATION, DEMAND TO DISMISS CHARGES, MTN FOR CHANGE OF VENUE - STRICKEN/ |
| 1/18/2012 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | STRICKEN | | DECLARATION/ |
| 1/13/2012 | | PRO SE MOTION | STRICKEN | | DEMAND TO DISMISS CHARGES/ |
| 1/13/2012 | | PRO SE MOTION | STRICKEN | | MTN FOR CHANGE OF VENUE/ |
| 12/8/2011 | 1:30PM | TRIAL DOCKET CALL | RESCHEDULE EVENT | LOUISA ABBOT | |
| 12/8/2011 | 2:00PM | TRIAL DOCKET CALL | | LOUISA ABBOT | Rescheduled from 12-8-2011 at 1330 DK11100030 |
| 11/30/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | CASE INQUIRY RPT/ |
| 10/4/2011 | 10:00AM | STATUS CONFERENCE HEARING | | LOUISA ABBOT | |
| 8/23/2011 | 10:00AM | STATUS CONFERENCE HEARING | RESCHEDULE EVENT | LOUISA ABBOT | |
| 8/18/2011 | | PRO SE LETTER RECEIVED | | | REQUEST PRELIM TRN/ |
| 8/3/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | REQUEST DISCOVERY/ |
| 7/26/2011 | | TRANSCRIPT RECEIVED | | | VIDEO ARRAIGNMENT JULY 11,2011 |
| 7/11/2011 | | PLEA OF NOT GUILTY | | | |
| 7/11/2011 | 09:30AM | ARRAIGNMENT/VIDEO | EVENT COMPLETE | LOUISA ABBOT | |
| 6/24/2011 | | STATE"S DISCOVERY DISCLOSURE | | | SUPPLEMENTAL LIST OF WITNESSES/LIST OF TANGIBLE EVIDENCE/NTC OF RECIDIVIST PROSECUTION/NTC OF INTENT TO INTRODUCE EVIDENCE IN AGGRAVATION/NTC OF INTENT TO IMPEACH WITNESSES WITH PRIOR CONVICTIONS/NTC OF SIMILAR AND CONNECTED TRANSACTIONS/ |
| 6/20/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | REQUEST STATE"S DISCOVERY/ |
| 6/9/2011 | | PRETRIAL SCHEDULING ORDER | | | |
| 6/2/2011 | | ENTRY OF APPEARANCE | | | J. FOGLE/ |
| 6/2/2011 | | CONSOLIDATED MOTIONS PACKAGE | | | CERT OF SERV/ |
| 5/18/2011 | | CERTIFIED MAIL RECEIPT | | | |
| 5/13/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | REQUEST ENTIRE CASE FILE/ |
| 5/12/2011 | | BENCH WARRANT FILED | | | EXECUTED 051011/ |
| 5/10/2011 | | BENCH WARRANT ISSUED | | | |
| 5/5/2011 | | DISMISSAL OF CHARGES | | | REMOVAL FIREARM FROM PUBLIC OFFICIAL/ |
| 5/4/2011 4:06:53 PM | | SCREENING | | | Initial Case Screening / Scanning |
| 5/4/2011 | | INDICTMENT | | | |

[Return to Top]

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2012 FEB -7  AM 9:29

CLERK _____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

LELAND NAPOLEAN JONES,

    Plaintiff,

v.

SAVANNAH CHATHAM METROPOLITAN POLICE DEPARTMENT, CHIEF WILLIE C. LOVETT, JASON CAREY, LLOYD F. SMALL, DENNIS MALOTT, KENNETH WHITCOMB, MARY CHALMERS, KRISTINA COSTA, LARRY CHISOLM, CHRISTINA S. BARKER, MICHAEL EDWARDS, JUNE E. FOGLE, TODD MARTIN, JERON YOUNG, and ANDREW OSTEEN,

    Defendants.

Case No. CV412-013

## PRISONER TRUST FUND ACCOUNT STATEMENT

Under the Prison Litigation Reform Act, a prisoner seeking to bring a civil action without prepayment of fees must obtain from the appropriate prison official a certified copy of the prisoner's trust account statement for the six-month period immediately preceding the filing of the complaint. The plaintiff in this case has been instructed by the Court to furnish this form to the trust officer of each institution where he has been confined for the last six months.

Please complete this form, attach the supporting ledger sheets, and return these documents to the prisoner for mailing to the Court.

**DATE OF FILING COMPLAINT:**    **January 18, 2012**
(to be completed by the clerk)

**AVERAGE MONTHLY DEPOSITS** during the six months prior to filing of the complaint:    $21.00

**AVERAGE MONTHLY BALANCE** during the six months prior to filing of the complaint:    $2.46

I certify that the above information accurately states the deposits and balances in the plaintiff's trust account for the period shown and that the attached ledger sheets are true copies of the account records maintained by this institution.

_____     01/31/2012
Signature of Authorized Officer of Institution    Date

C. Shepard
Print or Type Name

7